The defendant was presented by the grand jury, at the District Court of Fredericksburg, in April, 1799, as follows: “We do present John Richards, publican, for having suffered unlawful gaming to be carried on in his dwelling house, and an outhouse on a lot in his occupation, having permitted a faro-bank to be opened, held and played at in the same, within the space of the last six months.” Process was issued to cause the defendant to appear, and at the court in September, 1800, the attorney for the commonwealth filed an information against him consisting oí six counts.
The first count charged the defendant with knowingly, &c., and openly permitting Thomas Haydon and others to the attorney unknown (all being of idle, dissolute, dissipated, disorderly, and immoral habits, and of evil fame and conduct) openly to play at cards, with dice, and at a faro-bank in the said John Richards’s public house, tavern and ordinary, then occupied, held and kept by him, to the general corruption of morals, to the evil example of the citizens in general, and of the youth in particular, contrary to the principles of the public order, police and economy, and against the peace and dignity, &c.
*The 2d count charged the defendant with permitting B. Badger, T. Haydon and others to openly and publicly exhibit, hold and play at for money, and to entice and induce the unwary and the idle to play, &c., another faro-bank in an outhouse on a lot, occupied' by and in the possession of the defendant. (Conclusion as in first count.)
The 3d count was on the Act of 1792 (1 Rev. Co. p. 204, sec. 9) and charged him with suffering T. H. and others to play at cards, *38 and with dice and at a faro-bank in the tavern of the defendant, in the possession and keeping of the defendant a tavern keeper, and that the defendant was, privy and consenting to the said gaming, and that he did not endeavour to hinder them the said players from so playing, against the form of the act of assembly, &c., wherefore he prayed judgment for the pain and penalty in that case provided. The 4th count was on the same act, and charged him with permitting B. B. and others to exhibit, hold and play at faro-bank in an outhouse on a lot, messuage and tenement, being in the possession and keeping of the defendant as tavern keeper; and that the defendant was privy, present and consenting to the said unlawful gaming, and that he did not endeavour to hinder them from playing, against the form of the act of assembly, &c.
The 5th count was founded on the act of 1797, ch. 2 sect. 3 (1 Rev. Co. p. 373) and 135 . charged that the defendant *“did knowingly and wilfully suffer another unlawful game, to wit, the game of faro-bank with cards at a faro-bank to be played ' at his the said J. R.’s house, tavern and ordi- ■ nary, at the time and place last mentioned, being occupied by the said J. R. against the form, &c., wherefore the said attorney (who for the commonwealth by this information sues for the forfeiture of one hundred and fifty dollars, by the said act declared and inflicted) prays that the same may be adjudged to the said commonwealth.” The 6th count was on the said act of 1797, and was like the 5th count, except that it charged the gaming at faro to be carried on in an out-house in a lot held and occupied by, and in the possession of the said John Richards. The defendant having pleaded “not guilty,” a trial was held, and the jury found a verdict in the following words : “We of the jury do find the defendant John Richards guilty, in ■manner and form as in the fifth count in this information is charged, and we do find that he is not further guilty.”
The defendant moved the court to arrest the judgment, for the following reasons. “1st. That by the act of general assembly, upon which the jury in their said verdict, found the said John Richards guilty, the forfeiture of one hundred and fifty dollars is given to the person who will sue for the same, to be recovered in any court of record, and doth not give the 136 remedy *therefor to the commonwealth by information, or otherwise, it not being an offence at the common law; and because the said information is vague, uncertain and wants form.”
In October 1802, the district court adjourned to the general court, for novelty and difficulty, this point arising in this cause. “Whether the forfeiture of one hundred and fifty dollars declared by the act of 1797, ch. 2, sect. 3, can be recovered for the use of the commonwealth by information in this court?”
The general court, November 12, 1803, consisting of judges Tucker, Tyler, White and Cdrrington, certified their opinion to be “that the forfeiture of one hundred and fifty dollars declared by the act of 1797, chapter 2d, sect. 3d, cannot be recovered for the use of the commonwealth by information.”
Note. June term, 1810, present Nelson, White, Stuart, Coalter and Nvans, it was decided that county court law, authorizing presentments in those courts, by grand juries for all offences, although the penalties should be otherwise recoverable, and the act, Rev. Code, vol. 1, p. 373, sect. 7, giving the district courts power to execute all laws, for the purpose of suppressing gaming, as fully as the county courts are authorized 137 to execute said laws, *the superior courts have therefore the right to sustain a prosecution for the penalties of one hundred and fifty dollars, on behalf of the commonwealth although given to the informer.

See monographic note on ‘‘Indictments, Informations and Presentments” appended to Boyle v. Com., 14 Gratt. 674. See principal case cited in Quinling v. Com., 2 Va. Cas. 494.